**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-00994-CMA-NRN

RWT GROWTH INCORPORATED, a Canadian corporation,

    Plaintiff,

v.

REV ENERGY SERVICES, LLC, a Colorado company,

    Defendant.

**JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE SOLE REMAINING DEPOSITION OF GREAT ROCK CAPITAL PARTNERS MANAGEMENT, LLC, AND TO SET NEW DISPOSITIVE MOTION DEADLINE FOLLOWING THAT DEPOSITION**

Plaintiff RWT Growth Incorporated ("Plaintiff") and Defendant REV Energy Services, LLC ("Defendant;" together with Plaintiff, the "Parties"), through their respective undersigned counsel, hereby respectively move pursuant to D.C.COLO.LCivR 6.1(b) for (1) an extension of time, up to and including July 12, 2023, in which the Parties may depose Great Rock Capital Partners Management, LLC ("Great Rock") and Steve Parker (to the extent he is not designated as Great Rock's 30(b)(6) witness)[1] and (2) an extension of the dispositive motion deadline to July 26, 2023 (the "Joint Motion"). In support, the Parties state as follows:

Certification of Conferral: The Parties have conferred and exchanged various correspondence regarding the relief requested in this Motion, and jointly submit it.

---

[1] Mr. Parker was the Great Rock representative most directly involved with the events at issue.

## MOTION

### A. Background

1. On April 14, 2023, the Parties submitted a joint motion for leave to complete outstanding depositions (Dkt. 26; "4/14/23 Motion"), which was granted by the Court on April 17, 2023 (Dkt. 28). The Court set the discovery cut-off deadline as May 26, 2023, the dispositive motion deadline as June 16, 2023, and the final pretrial conference for August 3, 2023 (Dkt. 28). In doing so, the Court noted that it would not grant further extensions of these deadlines absent exigent circumstances. *Id.*

2. The Parties worked diligently to schedule and conduct depositions, including depositions of the Parties which took place on May 18 and May 22, 2023, of third party Range Valuation Services, LLC on May 23, 2023, and of Defendant's expert David Tolson on May 25, 2023.

3. Presently, all depositions discussed by the Parties and which were the subject of their 4/14/23 Motion have now been completed, except for one, of Great Rock, which is the subject of this Joint Motion.

4. The Parties' 4/14/23 Motion notified the Court that the Parties were continuing to confer and identify dates to complete the remaining depositions, and anticipated that they would be able to complete all such depositions by May 26, 2023 ("At this time, the Parties anticipate that the depositions set forth above will be completed by or around May 26, 2023.").

5. In connection with those communications, counsel for Defendant offered to communicate with Great Rock to confer about a deposition and to identify a date for

2

Great Rock's Rule 30(b)(6) deposition. On May 16, 2023, Defendant's counsel spoke with David Shulte, an attorney in Dallas, Texas at the law firm of Holland & Knight, regarding scheduling Great Rock's deposition. Among other things, Defendant's counsel offered May 23 as a potential date, indicated that both parties would participate in taking Great Rock's deposition, and said that the Parties would provide a draft deposition notice with topics to assist in identifying Great Rock's Rule 30(b)(6) representative. Mr. Shulte indicated that May 23 would not work, that he would review topics to identify the representative, and would appreciate the topics being as narrow as possible given Great Rock's role as a third party.

6. Over the course of the coming days, the Parties engaged in additional depositions and continued to confer regarding scheduling the deposition of Great Rock. They agreed among themselves to conduct this sole remaining deposition of Great Rock after the May 26 discovery deadline, as a "clean up" deposition subject to confirming a date and availability for the Parties' and Great Rock's counsel.

7. In light of the request by Great Rock's counsel to narrow the topics for deposition, the Parties planned to review the transcripts of the various depositions taken by the Parties on May 18, 22, 23, and 25 in an effort to help narrow and identify the topics for the Great Rock deposition notice. Those transcripts were not available until after May 26.

8. On June 2, 2023, the Parties transmitted a notice for a remote deposition with topics to Great Rock's counsel. However, Great Rock objected to participating in a deposition as the May 26 discovery deadline has now passed. Great Rock's counsel

3

further objects to any extension of the discovery deadline and has requested that he "would expect to be involved in the conference on such motion [for extension of time] if one is to be filed."

B.   **Exigent Circumstances Exist for the Requested Relief**

9.   As discussed, this Joint Motion respectfully seeks (1) an extension of time, up to and including July 12, 2023, in which the Parties may depose Great Rock and Mr. Parker (to the extent he is not designated as Great Rock's 30(b)(6) witness) and (2) an extension of the dispositive motion deadline to July 26, 2023.

10.   Exigent circumstances exist for this relief for at least six reasons.

11.   First, the Parties worked diligently together to complete the depositions in this case by the May 26 deadline and, at the same time, attempted to accommodate the request by Great Rock's counsel to limit the topics for deposition. However, for the reasons discussed above, the Parties' efforts ran past May 26 with respect to Great Rock.

12.   Second, while the Parties were and are in agreement with one another to conduct the Great Rock deposition beyond the May 26 discovery deadline, they did not anticipate that Great Rock, as a third party, would object to its deposition taking place past the May 26 discovery deadline.

13.   Third, at the same time that these events were occurring, Plaintiff's counsel unexpectedly was required to deal with another client matter involving the preparation and filing of papers seeking the release of a client from an involuntary commitment in Maryland. These events unfolded after the Parties' April 14, 2023, joint

4

motion for extension of time.  In the past two months, Plaintiff's counsel has filed (1) an emergency habeas petition in state court, (2) an emergency petition for judicial release in state court, (3) two separate appeals of administrative orders before the state trial court, and (4) a § 1983 action before the federal court, in addition to (5) requests before the state Appellate Court of Maryland to stay an administrative order permitting the forcible injection of medications.[2]  As a consequence of this recent emergency, Plaintiff's counsel did not anticipate that his availability would shrink so rapidly or that the emergency would last this long, further making it difficult to schedule all of the depositions in this matter. Consequently, almost every week since April 17, 2023 (when the representation began), Plaintiff's counsel has had to appear in state court and/or visit his committed client in person (without the benefit of technology) to prepare for these matters and advocate on his client's behalf.  Finally, Plaintiff's counsel is happy to report that a consent order was issued by the Maryland state court on June 12, 2023, granting the release of his client from involuntary commitment and thereby ending the emergency.

      14.    Fourth, because of where Great Rock is located, the Court may be unable to subpoena Great Rock to attend and testify in person at trial.  As such, Great Rock's deposition testimony may be needed for trial in this case.

---

[2] Thankfully, on May 10, 2023, and June 5, 2023, the Appellate Court of Maryland granted the requests for stay of the administrative order.  Two requests were filed because the initial administrative order was defective and later corrected.

15. Fifth, each of the Parties intends to file a motion for summary judgment. Each anticipates that deposition testimony from Great Rock may be useful for the Parties in filing their own summary judgment motion and in defending against a summary judgment motion filed against it.

16. Sixth, neither the Parties nor Great Rock will be prejudiced by the requested relief. The Parties agree to it. The Parties do not understand how Great Rock, a non-party to this action, will be prejudiced by its deposition being taken after May 26 rather than before it. There is not yet a trial date scheduled in this action.

WHEREFORE, the Parties respectfully request that the Court enter an order, in the form submitted herewith, (1) extending the time, up to and including July 12, 2023, in which the Parties may depose Great Rock upon the notice served on June 2, 2023, and (2) extending the dispositive motion deadline to July 26, 2023.

Respectfully submitted this 12th day of June 2023.

| COZEN O'CONNOR | SHERMAN & HOWARD L.L.C. |
|---|---|
| s/ James Billings-Kang | s/ Nicholas M. DeWeese |
| James Billings-Kang | Peter G. Koclanes |
| Christopher Clemenson | Nicholas M. DeWeese |
| 707 17th Street, Suite 3100 | 675 Fifteenth Street, Suite 2300 |
| Denver, CO  80202 | Denver, CO  80202 |
| Telephone:  (720) 479-3894 | Telephone:  (303) 297-2900 |
| Facsimile:  (866) 206-6096 | Facsimile:  (303) 298-0940 |
| Email:  jbillings-kang@cozen.com | Email:  pkoclanes@shermanhoward.com |
|         cclemenson@cozen.com |          ndeweese@shermanhoward.com |
| *ATTORNEYS FOR PLAINTIFF* | *ATTORNEYS FOR DEFENDANT* |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2023, I filed a true and correct copy of the foregoing through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Donna L. Fouts*
Donna L. Fouts, Practice Assistant